IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DAKOTA GROUP, LLC,**

    **Plaintiff,**

vs.                                       CASE NO. 3-11-cv-586/RS-CJK

**WAFFLE HOUSE INC.,**
**a Georgia Corporation,**

    **Defendant.**

_____/

## ORDER

Before me are Defendant's Motion to Dismiss Count IV (Doc. 10) and Plaintiff's Response in Opposition (Doc. 16).

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

**Tortious Interference**

To recover for an tortious interference with a business relationship it must be shown that the interference was unjustified. *Lore v. Barr,* 771 So. 2d 589, 590 (Fla. 1st DCA 2000) (citation omitted).  "A third party may be privileged to interfere in the business relationship of another when the third party's actions are not motivated solely by malice." *Id.*  Likewise, no cause of action exists where a party has a contractual right to interfere.  *See Genet Co. v. Annheuser-Busch, Inc.*, 498 So. 2d 683, 684 (Fla. Dist. Ct. App. 3d Dist. 1986).

At this stage of the case, the boundaries of the contractual right have not been established.  In addition, the motivations of Waffle House in exercising that right have also not been established.  It is, therefore, premature to rule on this issue.

**Slander of Title**

Slander of title is established where defendant has (1) communicated to a third person; (2) untrue statements; (3) which disparage the plaintiff's title; and (4) cause him actual or special damage. *Cont'l Dev. Corp. v. Duval Title & Abstract Co.*, 356 So. 2d 925, 927 (Fla. 2d DCA 1978) (*citing Gates v. Utsey*, 177 So.2d 486 (Fla. 1st DCA 1965); 50 Am.Jur.2d Libel and Slander Sections 541 and 546 (1970)).  Malice can be presumed to exist where Plaintiff established a *prima facie* case.  *Id.*

Waffle House contends that Dakota Group cannot sustain a cause of action because Waffle House did not communicate its purported right of first refusal to a third party. (Doc. 10, p.13).  Although none of the parties cited this case, this specific issue

was addressed in *Tishman-Speyer Equitable South Florida Venture v. Knight Invest., Inc.*, 591 So. 2d 213, 214 (Fla. 4th DCA 1991).  In that case, the purported holder of the right of first refusal sent a letter to "all the concerned parties" which stated it would exercise that right.  *Id*.  The court found that "no actionable publication occurs when a letter is sent to a party who has an interest in the matter." *Id*. (*citing  Bonded Investment and Realty Co., v. Waksman*, 437 So.2d 162, 164 (Fla. 2d DCA 1983)).

The Motion (Doc. 10) is **GRANTED in part, and DENIED in part**.  Count IV is dismissed with prejudice to the extent it alleges slander of title.  Count IV remains to the extent that it alleges tortious interference with a business relationship.

**ORDERED** on January 19, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**