**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

DAKOTA GROUP, LLC,
a Florida limited liability company,

       Plaintiff,

v.                              CASE NO.:  3:11cv586 RS/CJK

WAFFLE HOUSE, INC.,
a Georgia corporation,

       Defendant.

_____/

**PLAINTIFF'S MOTION TO DISMISS COUNTS I, II, AND IV OF DEFENDANT'S**
**FIRST AMENDED COUNTERCLAIM**

      Plaintiff, Dakota Group, LLC ("Dakota Group"), moves to dismiss Counts I, II, and IV of

Waffle House, Inc.'s ("Waffle House") First Amended Counterclaim (Doc 67) because those

counts fail to state a claim for which relief can be granted.  Counts I and II seek injunctive relief

and damages for Dakota Group's alleged breach of a covenant not to allow breakfast to be served

on its property (the "Breakfast Covenant").  This Court has already held Count I is barred by the

statute of limitations.  Doc 34 at 4 ("Waffle House's claim for injunctive relief under Count I of

its Counterclaim . . . is barred by the statute of limitations and is not revived by virtue of the

underlying complaint.)  Count II is barred for the same reason.

      Count IV alleges conversion of ad valorem tax overpayments based on the identical

conduct alleged to support Waffle House's breach of contract claim.  Since Count IV alleges no

tort independent of the alleged breach of contract, it is barred by the economic loss rule.

**I.**      **INTRODUCTION**

      This dispute arises from Waffle House's purported exercise of a right of first refusal

contained in a lease agreement (the "Lease") executed in 1988 between Waffle House and

Michael Clary Enterprises, Inc. ("Clary"), Dakota Group's predecessor in title.[1]  Dakota Group contends the right of first refusal unambiguously gives Waffle House only the "option to purchase the premises or the part thereof [identified in an acceptable bona fide offer to purchase or sell] at the price and on the terms of the offer."  Lease, Ex. B., ¶ 3.  Waffle House claims it has the right to purchase only the leased premises, defined in the Lease as the "Demised Premises," even though the right of first refusal nowhere mentions the Demised Premises or the leased property.

Dakota Group's Amended Complaint (Doc 69) alleges five claims: (1) a request for declaratory relief regarding the proper interpretation of the right of first refusal (Count I); (2) a request for declaratory relief to determine that Waffle House's attempted exercise of the right of first refusal was invalid (Count II); (3) a claim for breach of contract to recover damages arising from Waffle House's breach of the right of first refusal (Count III); (4) a claim for declaratory judgment to determine the proper interpretation of an easement for parking and access in the Lease (Count IV); and (5) a count for eviction based on Waffle House's nonpayment of ad valorem taxes due as additional rent under the Lease (Count V).

Waffle House's claims for breach of the Breakfast Covenant have no logical relationship to any of these claims.  Furthermore, based on Waffle House's own allegations, the alleged breach of the Breakfast Covenant occurred more than five years before this lawsuit was filed, so any claims based on that alleged breach are barred by the five-year statute of limitations. Because the Breakfast Covenant claims are not logically related to Dakota Group's claims, they were not revived by Dakota Group's lawsuit.

---

[1]  The Lease was incorporated by reference as Exhibit A to Waffle House's Amended Counterclaim.

Waffle House's conversion count (Count IV) is based on Dakota Group's alleged overstatement of Waffle House's share of the ad valorem taxes for the property -- exactly the same conduct as its claim for breach of contract (Count III).  As such, it is a transparent attempt to convert a claim for breach of contract into a tort claim and is barred by the economic loss rule.

## II.   **LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the legal sufficiency of a claim for relief.  See, e.g., Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).  "A complaint [or counterclaim] is . . . subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim."  Saint v. Fed. Bureau of Prisons, 2011 WL 5593140, at *2 (N.D. Fla. Oct. 18, 2011) (citing Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001), and Jones v. Bock, 549 U.S. 199, 215 (2007) (explaining a complaint that shows on its face it is barred by the statute of limitations is subject to dismissal for failure to state a claim)); Omar v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is "apparent from the face of the complaint" that the claim is time-barred).

"When considering a motion to dismiss under Rule 12(b)(6), a court must consider the complaint, any exhibits attached to the complaint, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  Luke v. Residential Elevators, Inc., 2011 WL 311370, at 81 (N.D. Fla. Jan. 28, 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

III.    **ARGUMENT**

    **A.    Counts I And II Are Barred By The Statute Of Limitations Because They Show On Their Face The Alleged Breach Occurred In 2005 And Neither Count Was Revived By Dakota Group's Lawsuit**

In Counts I and II, Waffle House seeks an injunction prohibiting Dakota Group from serving breakfast to its registered guests and damages for Dakota Group's purported breach of the Breakfast Covenant.  Each Count alleges that "[s]ince at least 2005 Dakota Group has allowed the Quality Inn . . . to use [its] portion of Dakota Group property for restaurant or food service purposes."  See Amended Counterclaim (Doc. 69), ¶¶ 22, 29.  Both claims thus show on their face they are barred by the statute of limitations because they were filed more than five years after the cause of action accrued.  Neither was revived by Dakota Group's lawsuit.  Accordingly, both counts should be dismissed.

    **1.    Any Claim For Breach Of The Breakfast Covenant Accrued More Than Five Years Before It Was Asserted**

Florida's statute of limitations for an action on a written contract is five years. § 95.11(2)(b), Fla. Stat.; Med. Jet, S.A. v. Signature Flight Support-Palm Beach, Inc., 941 So. 2d 576, 577 (Fla. 4th DCA 2006).  The limitations period begins to run when the alleged breach occurs because that is when the cause of action accrues.  Med. Jet, 941 So. 2d at 578 ("Since at least nominal damages are sustained at the time of a breach of contract, all of the elements necessary to maintain a lawsuit and obtain relief in court are present at the time of breach."); DBI Constr. Co. v. Hartford Fire Ins. Co., 995 So. 2d 576, 578 (Fla. 3d DCA 2008) (in a suit for breach of contract, "it is well-established that a statute of limitations runs from the time of the breach."); Fradley v. County of Dade, 187 So. 2d 48, 49 (Fla. 3d DCA 1966) (finding breach of contract action time-barred because a breach of contract "accrues from the time of the breach or neglect, not from the time when consequential damages result or become ascertained.").

4

Furthermore, "[t]he Florida Supreme Court [has] held that there is no discovery rule in section 95.11(2)(b) and that actions for breach of contract are barred five years after the cause of action accrued regardless of whether the plaintiff knew that it had a claim." Beck v. Lazard Freres & Co., LLC, 175 F.2d 913, 914 (11th Cir. 1999) (citing Fed. Ins. Co. v. SW Fla. Ret. Ctr., Inc., 707 So. 2d 1119, 1122 (Fla. 1998)).

Assuming for purposes of this motion that Waffle House's allegations are true, Counts I and II show on their face the alleged breach of the Breakfast Covenant occurred in 2005.  See Amended Counterclaim (Doc. 69), ¶¶ 22, 29.  Therefore, the statute of limitations began to run from that date.[2]  Med. Jet; BDI Constr.; Fradley.  Pursuant to the statute of limitations, any action based on the alleged breach was required to be brought within five years from the date of breach, or no later than 2010.  § 95.11(2)(b), Fla. Stat.  Because this suit was not commenced until 2011, the Breakfast Covenant claims are time-barred and should be dismissed.

Waffle House argued at the preliminary injunction hearing that, at the very least, it is entitled to recover damages for breaches that occurred within five years prior to filing suit. Prelim. Inj. Hrg. Transcript, p. 70-71.  Waffle House is wrong.  The limitations period for an alleged series of breaches of the same contractual provision does not re-commence each time an alleged breach occurs.

The Southern District addressed this precise issue in Servicios de Almacen Fiscal Zona

---

[2] The Court should take judicial notice of evidence presented at the hearing on Waffle House's motion for preliminary injunction (Doc. 13) showing Waffle House first asserted an alleged breach of the Breakfast Covenant in 1998, thus commencing the limitations period over a decade before suit was filed.  Amended Transcript of Preliminary Injunction Hearing ("Prelim. Inj. Hrg. Transcript"), pp. 5, 42-44, 47, 69, 72, 77; Cash Inn of Dade, Inc. v. Metro. Dade County, 938 F.2d 1239 (11th Cir. 1991) (district court may take judicial notice of public records within its files relating to particular case before it).  Waffle House did nothing to pursue its purported Breakfast Covenant claims until Dakota Group filed this entirely unrelated lawsuit over the right of first refusal.

Franca Y Mandatos S.A. v. Ryder Int'l, Inc., 2007 WL 628133 (S.D. Fla. 2007), where the plaintiff alleged the defendant breached a joint venture agreement by usurping business opportunities in South America.  Finding the claim to be barred by the statute of limitations, the court held "a subsequent breach or a series of breaches does not give rise to a new or indefinite limitations period."  2007 WL 628133 at *3; see also Dinerstein v. Paul Revere Life Ins. Co., 173 F.3d 826 (11th Cir. 1999) (holding action for breach of disability insurance policy barred by statute of limitations and rejecting plaintiff's argument that each underpayment by insurance company was a separate breach for purposes of calculating the limitations period); Barry v. Barry, 2011 WL 5358750 at *2 (S.D. Fla. 2011) (holding action for breach of spousal maintenance agreement barred by statute of limitations because each alleged wrongful payment did not re-commence the limitations period); Garden Isles Apartments No. 3, Inc. v. Connolly, 546 So. 2d 38, 41 (Fla. 4th DCA 1989) (holding action to invalidate rent escalation provision in condominium association agreement barred by statute of limitations and rejecting argument that limitations period re-commenced each time an alleged wrongful escalation occurred).

The rule Waffle House relies on applies in limited circumstances where the contract imposes a series of independent contractual obligations, each of which is capable of being separately breached.  The classic example is an installment contract for payment of a debt.  See, e.g., Bishop v. State, Div. of Retirement, 413 So. 2d 776, 778 (Fla. 1st DCA 1982).  Since each installment is a separate and distinct obligation to pay money, "each failure to pay an installment constitutes an individual breach."  Holiday Furniture Factory Outlet Corp. v. State, Dep't of Corrections, 852 So. 2d 926, 928 (Fla. 1st DCA 2003).

This, however, is not such a case.  Here, the alleged breaches all relate to a single contractual obligation owed by Dakota Group to Waffle House -- the purported Breakfast

Covenant.  If, as Waffle House claims, Dakota Group breached that provision by serving breakfast in its hotel "[s]ince at least 2005," Waffle House's cause of action accrued no later than 2005.  Subsequent alleged breaches did not re-set the limitations period, they are merely evidence of the alleged initial breach.  Pinnacle Pizza Co. v. Little Caesar Enters., Inc., 598 F.3d 970, 978 (8th Cir. 2010) (action for alleged breach of franchise agreement barred by statute of limitations despite franchisor's alleged continuing breach because franchisor "owed one relevant duty toward [franchisee] – do not use the 'original advertising materials' created by [franchisee]. *Once breached, nothing reset this duty*.") (emphasis added).

Since Waffle House did not file its claims for breach of the Breakfast Covenant within five years after the alleged breach, they are barred by the statute of limitations.

> **2.    This Court Previously Determined Count I Was Not Revived By Dakota Group's Lawsuit Because It Seeks to Impose a Restraint on Real Property**

In denying Waffle House's Motion for Preliminary Injunction, this Court held that Count I of the original Counterclaim was barred by the statute of limitations and not revived by Dakota Group's lawsuit.  See Amended Order, at 4 (Doc. 36).  Count I of the Amended Counterclaim is identical and should receive the same treatment.

Florida courts recognize a limited exception to the statute of limitations for certain compulsory counterclaims.  See Allie v. Ionata, 503 So. 2d 1237, 1240 (Fla. 1987) (holding a party who has filed an affirmative action cannot claim the protection of the statute of limitations for compulsory counterclaims).  The exception does not apply when the remedy sought is delivery of non-fungible property such as real estate or would result in an undue restraint on the alienability of property.  Rybovich Boat Works v. Atkins, 585 So. 2d 270, 272 (Fla. 1991).

Because Waffle House's request for injunctive relief involves a restraint on real property, this Court followed <u>Rybovich</u> and determined that "Waffle House's claim for injunctive relief under Count I of its Counterclaim is barred by the statute of limitation and is not revived by virtue of the underlying complaint." (Doc 36). Count I of the Amended Counterclaim should be dismissed for the same reason.

### 3. Count II Was Not Revived By Dakota Group's Lawsuit Because It Is Not A Compulsory Counterclaim.

Because <u>Rybovich</u> applied, the Court did not reach the question of whether Count I was a compulsory counterclaim. That question, however, is dispositive as to Count II, which is a claim for money damages. Because Count II is *not* a compulsory counterclaim, it was not revived by Dakota Group's lawsuit and is barred by the statute of limitations.[3]

"[I]t is well-settled that a permissive counterclaim will be barred if it is filed beyond the statute of limitations." <u>Smith v. Fla. Dep't of Corrections</u>, 27 So. 3d 124, 127 (Fla. 1st DCA 2010); <u>see also</u> <u>DuBreuil v. James</u>, 365 So. 2d 184 (Fla. 3d DCA 1978) (affirming dismissal of permissive counterclaim that showed on its face it was time-barred by the statute of limitations); <u>Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.</u>, 831 So. 2d 204, 207 (Fla. 4th DCA 2002) ("a permissive counterclaim is subject to the applicable statute of limitations.").

The Eleventh Circuit has adopted the "logical relationship" test to determine if a counterclaim is compulsory. <u>Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.</u>, 755 F.2d 1453, 1455 (11th Cir. 1985). The test is not satisfied unless "'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" <u>Id.</u> (quoting <u>Plant v. Blazer Fin. Servs., Inc.</u>, 598 F.2d 1357, 1361 (5th Cir. 1979)).

---

[3] Count I is also subject to dismissal on this alternative ground.

In <u>Republic Health Corp</u>., the Eleventh Circuit found a counterclaim alleging antitrust violations was not compulsory in an action involving the legal right to purchase a certificate of need exemption.  The fact that both suits involved the antitrust plaintiff's efforts to build the same hospital was not enough to establish the required logical relationship because the two claims "did not arise out of the same operative facts."  755 F.2d at 1455.

Similarly, in <u>Shavers v. Massey-Ferguson, Inc.</u>, 834 F.2d 970 (11th Cir. 1988), the Eleventh Circuit held a financing company's suit to collect a note was not a compulsory counterclaim in a prior lawsuit by the same borrower for breach of warranty, fraud and negligence in connection with the sale of a tractor.  The fact that the same parties were involved in both lawsuits and there was some overlap in the equipment financed was not enough to establish a logical relationship.  <u>See also</u> <u>Satterfield v. CFI Sales & Mktg., Inc.</u>, 2012 WL 640740 at *4 (M.D. Fla. Feb. 28, 2012) (counterclaim for breach of contract relating to timeshare sales was not compulsory in FLSA action to recover overtime wages, even though both arose from same employment relationship, because "[t]he operative facts and the elements of proof for each of the claims are separate and distinct."); <u>Jean-Louis v. Am. Eagle Transp. Corp</u>., 2007 WL 879580 at  *1 (S.D. Fla. 2007) (counterclaim for breach of contract not compulsory in suit for employment retaliation where "[a]djudication of each claim would require the review of separate and unrelated evidence."); <u>Hutton v. Grumpie's Pizza & Subs Inc.</u>, 2008 WL 1995091 at *2 (S.D. Fla. 2008) (counterclaim alleging plaintiff stole money not compulsory in suit for denial of overtime pay, despite both claims arising from the same employment relationship).

Waffle House's counterclaim for breach of the Breakfast Covenant likewise fails the logical relationship test.  Dakota Group's claims involve the proper interpretation of the right of first refusal, the proper interpretation of the parking and access easement, and Dakota Group's

right to evict Waffle House for failure to pay ad valorem taxes due as additional rent.  None of those claims even remotely involves the Breakfast Covenant.

Furthermore, the operative facts and evidence required to defend the Breakfast Covenant claims are completely unrelated to the facts and evidence required to support Dakota Group's claims.  Waffle House's claim involves the type of food service, if any, offered by Dakota Group's hotel reaching as far back as a dozen years and dealings between the parties that occurred as long ago as 1998.  None of those facts has any bearing on Dakota Group's claims.

Similarly, Waffle House presented testimony at the preliminary injunction hearing attempting to prove that food sales at the allegedly affected restaurant have declined as a result of Dakota Group's breakfast service.  Prelim. Inj. Hrg. Transcript, pp. 27-33.  None of that evidence -- including the expert testimony Dakota Group will have to develop to address it -- is logically related to Dakota Group's claims.

> The purpose of statutes of limitations is to:
>
>> afford parties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. *In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses*

Allie, 503 So. 2d at 1240 (quoting Nardone v. Reynolds, 333 So. 2d 25, 36 (Fla. 1976)) (emphasis added).  The only reason a compulsory counterclaim is exempt from this rule is because it is in the nature of a defense; a plaintiff cannot complain about having to defend an otherwise stale claim based on the same facts as its own lawsuit.  See, e.g., Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., 683 F. Supp. 2d 1292, 1298 n.8 (M.D. Fla. 2009) ("Thus, notwithstanding the statute of limitations, a defendant is permitted to assert a compulsory

counterclaim *as long as the counterclaim is equivalent to a defense to the plaintiff's action and is not an independent cause of action seeking affirmative relief.*")  (emphasis added).

This rationale does not apply here.  Waffle House's Breakfast Covenant claims have nothing to do with the claims alleged in Dakota Group's lawsuit, and there is no reason to exempt them from the statute of limitations.  They are not compulsory counterclaims and should be dismissed based on the statute of limitations.

### B.    Count IV For Conversion Of The Alleged Tax Overpayment Is Barred By The Economic Loss Rule

Count IV alleges Dakota Group willfully misrepresented, overstated and communicated the pro rata share of ad valorem taxes Waffle House is required to pay as additional rent under the Lease.  Even assuming this allegation is true (which it is not), the claim on its face shows it is based on the same conduct underlying Waffle House's claim for breach of contract (Count III). As a tort claim seeking money damages for an alleged breach of contract, Count IV is barred by the economic loss rule and should be dismissed.  See Saint, 2011 WL 5593140, at *2 (a complaint that shows on its face that an affirmative defense bars recovery should be dismissed).

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004).  "[W]hen the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement."  Id. at 536-37.  "Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of a duty apart from a breach of contract."  Id. at 537.

Waffle House's conversion claim is based on exactly the same conduct as its breach of contract claim.  The only difference is that, in the contract claim, Waffle House alleges Dakota Group has a contractual duty to notify it of the correct amount of ad valorem taxes.  Doc. 67, ¶¶ 32, 34.  But, the economic loss rule cannot be avoided simply by not mentioning the existence of the contract.  See Alafaya Square Assoc., Ltd. v. Great W. Bank, 706 So. 2d 39, 40 (Fla. 5th DCA 1998) (affirming dismissal of conversion count "because the claims of tortious conduct are *not* 'intentional or negligent acts . . . independent from acts that breach the contract.'") (citing HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996)); Sarkis v. Pafford Oil Co., 697 So. 2d 524, 527-28 (Fla. 1st DCA 1997) (holding civil theft claim barred by the economic loss rule where the actions constituting alleged theft were identical to the actions constituting the breach).

Here, Waffle House's purported claim for conversion asserts nothing more than Dakota Group's alleged failure to perform acts required under the Lease.  There is no independent tort. Accordingly, Count IV is barred by the economic loss rule and should be dismissed.

## CONCLUSION

For all the reasons stated above, the Court should dismiss Counts I and II as time-barred under Florida's statute of limitations and should dismiss Count IV as barred by the economic loss rule.

## CERTIFICATE OF COUNSEL PURSUANT TO N.D. FLA. LOC. R. 7.1

Pursuant to N.D. Fla. Loc. R. 7.1, undersigned counsel conferred with counsel for Waffle House and is authorized to represent that Waffle House opposes this Motion to Dismiss.

Respectfully submitted,

/s/ W. Douglas Hall_____

Bill McEachern, Jr., Esquire
Florida Bar Number:  362824
(billm@pensacolalegal.com)
MOULTON McEACHERN & WALKER, P.A.
Bank of America Building
5041 Bayou Boulevard, Suite 300
Pensacola, Florida 32503
Telephone: (850) 969-3151
Facsimile:   (850) 969-0566

CARLTON FIELDS, P.A.
W. Douglas Hall
Florida Bar No. 347906
Email: whall@carltonfields.com
Robert W. Pass
Florida Bar No. 183169
Email:  rpass@carltonfields.com
Matthew R. Bernier
Florida Bar No. 005988
Email: mbernier@carltonfields.com
P.O. Drawer 190
Tallahassee, FL 32302-0190
Phone:  (850) 224-1585
Fax:      (850) 222-0398

Attorneys for DAKOTA GROUP, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Notice of Electronic Filing to Charles T. Wiggins and Thomas F. Gonzalez, Beggs & Lane,

RLLP, 501 Commendencia Street, Pensacola, Florida 32502, this   23rd day of  April, 2012.

/s/ W. Douglas Hall_____
ATTORNEY