IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DAKOTA GROUP, LLC,**

    **Plaintiff,**

vs.                                                      CASE NO. 3-11-cv-586/RS-CJK

**WAFFLE HOUSE INC.,**
**a Georgia Corporation,**

    **Defendant.**
_____/

## **ORDER**

Before me are Dakota Group, LLC's ("Dakota") Motion to Dismiss Counts I, II, and IV of Defendant's First Amended Counterclaim (Doc. 76), Waffle House Inc.'s ("Waffle House") Response in Opposition (Doc. 78), and Dakota's Reply (Doc. 79 & 80).

Waffle House contends that the Motion is barred because Rule 12(g)(2) prohibits a party from making a subsequent motion to dismiss which raises "a defense or objection that was available to the party but omitted from its earlier motion." Dakota's previously moved to dismiss count four of Waffle House's counterclaim. (Doc. 21). That motion was denied. (Doc. 41). Following the denial, Waffle House sought leave to amend its counterclaim so that it could add a declaratory judgment claim for non-payment of ad valorem taxes. (*See* Doc. 63, ¶ 14). I granted this motion, and Waffle House filed its First Amended Counterclaim. (Doc. 67).

Dakota's current Motion seeks to dismiss Counts I, II, and IV of the First Amended Counterclaim. These counts are the same as those asserted in the original counterclaim. (*Compare* Docs. 11 & 67). Rule 12(g) prohibits this second chance. The "filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." Wright & Miller, <u>Federal Practice and Procedure</u> §1388 (2004). Dakota had the opportunity to present a complete case against Counts I and II in its first motion to dismiss. It chose not to. Likewise, Dakota's arguments against Count IV cannot be revived. Dakota current Motion contends that the economic loss rule prohibits Waffle House's actions under Count IV. This is not the argument they made in the first motion to dismiss. They cannot now make new arguments against the identical claim where there is no indication that this new defense was not available in the first instance.

Dakota argues that its motion should nevertheless be considered because the First Amended Counterclaim reasserted claims which I previously addressed at the preliminary injunction stage. (Doc. 79, p.2-3). Specifically, in denying Waffle House's Motion for Preliminary Injunction, I found that Waffle House's claim for injunctive relief was barred by Florida's statute of limitations and was not revived by Dakota's action. As a result, Waffle House did not meet its burden in showing a likelihood of success. (*See* Doc. 35).

The preliminary injunction phase of this case is procedurally distinct from the motion to dismiss stage. "In general, rulings in connection with grants or denials of preliminary relief will not be given preclusive effect." *See A.J. Canfield Co. v. Vess Beverages, Inc.*, 859 F.2d 36, 38 (7th Cir. 1988). Such rulings are often made on an

incomplete record and are inherently tentative in nature. Usually, the grant or denial of relief is based not on a conclusive determination, but on an estimate of the likelihood of success. *Id*.

The Order denying the preliminary injunction was not issued until more than a month after Dakota filed its first motion to dismiss.  Dakota could not have expected the resolution of the preliminary injunction to be the termination of Waffle Houses' claim for permanent injunctive relief.  While the Order denying the preliminary injunction could have been more artful in stating that Florida law *likely* precluded Waffle Houses' claim, Dakota did not rely on this wording when it decided the content of its first motion to dismiss.

The Motion to Dismiss (Doc. 76) is **STRICKEN**.

**ORDERED** on May 9, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**