IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAKOTA GROUP, LLC, a Florida
limited liability company,

    Plaintiff,

vs.                                       CASE NO. 3:11-cv-586 RS/CJK

WAFFLE HOUSE, INC., a Georgia
corporation,

    Defendant.
_____/

## ORDER

Before me are Plaintiff Dakota Group, LLC's ("Dakota Group") Motion for Partial Summary Judgment (Doc. 87) and Defendant Waffle House, Inc's ("Waffle House") Response and Cross-Motion for Partial Summary Judgment (Doc. 102).

**Procedural History**

This case comes for summary judgment on Dakota Group's motion and Waffle House's cross-motion. Defendant Waffle House previously sought a preliminary injunction prohibiting Dakota Group from serving breakfast on its property as required by a lease existing between Dakota Group and Waffle House. The injunction was denied. (Doc. 36) I also previously dismissed Dakota Group's Slander of Title Claim. (Doc. 39) Dakota Group then filed an Amended Complaint (Doc. 69), which is the operative document on which summary judgment is sought, along with Waffle House's Amended Counterclaim. (Doc. 67) Additionally, the parties stipulated to the dismissal of Count IV

of Waffle House's counterclaim following the filing of the motions for partial summary judgment, and that count is not discussed here.  (Doc. 114)

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Discussion

**I. Dakota Group, LLC.**

### A. Count I - Interpretation of Right of First Refusal

As an initial matter, Dakota Group seeks summary judgment on Count I of its Amended Complaint, seeking declaratory judgment interpreting the right of first refusal contained in the Lease originally executed in 1988 between Waffle House and Michael Clary Enterprises, Inc. ("Clary") and assigned to Dakota Group through its predecessor in title, Dakota Group of Northwest Florida, Ltd. (Doc. 88, pp. 1-2; Doc. 103, pp. 1-2) Neither party disputes the contractual language which vests in Waffle House the right of first refusal for any offer of purchase made on the land owned by Dakota Group. The parties do differ, however, on the interpretation of that right. The Waffle House restaurant location, which is leased by Dakota Group to Waffle House, makes up a small part of the property owned by Dakota Group. Waffle House contends that the right of first refusal can apply to only the leased area (the "demised premises") which encompasses the Waffle House location. (Doc. 102, p. 7) Waffle House sought to exercise the right of first refusal by purchasing only the demised premises for a fraction of the good faith purchase offer made by Ronay Group, LLC. (Doc. 69, p. 3) Dakota Group disagrees with Waffle House, contending that the right of first refusal gives Waffle House the right to purchase the property on the terms of a bona fide offer for purchase by a third party, whether that offer be made on the entire property or only a portion of it. (Doc. 69, pp. 4-5)

Where the terms of a contract are clear and unambiguous, the court may rule on them as a matter of law without resort to extrinsic evidence or rules of construction. *See Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1548-49 (11th Cir. 1996). The contract, by its terms, gives Waffle House the option to purchase "the premises or the part thereof at the price and on the terms of the offer" when a good faith purchase offer is made. Waffle House had the option of matching the price and terms of the Ronay Group, LLC offer; it did not have the right to make a lesser offer at a reduced price which would then be binding on Dakota Group. When Waffle House made such an offer, it did not exercise its right of first refusal, but rather made a separate and distinct offer for purchase to Dakota Group. Such an offer was in no way binding on Dakota Group. *See, e.g., Coastal Bay Golf Club, Inc. v. Holbein*, 231 So. 2d 854, 857 (Fla. 3d DCA 1970) (holding that a non-conforming offer did not comply with a contractual right of first refusal). The right of first refusal in the contract as written allows Waffle House to match an offer for purchase by a third party, but it does not make a separate offer by Waffle House on different terms binding on Dakota Group.

Summary Judgment is **GRANTED** as to Count I of the Amended Complaint in Dakota Group's favor.

### B. Count II - Exercise of Right of First Refusal a Nullity

Dakota Group seeks summary judgment on Count II of its Amended Complaint, seeking declaratory judgment that Waffle House's attempt to exercise the right of first refusal was a nullity. As before discussed, Waffle House made a separate offer for

purchase of the demised premises that Dakota Group was free to accept or decline. Waffle House did not abide by the terms of the contract in making its offer, and the offer was not an exercise of the Right of first refusal.  *See Coastal Bay Golf Club, Inc. v. Holbein*, 231 So.2d 854, 858 (Fla. 3d DCA 1970) (holding that a non-conforming offer was not an exercise of the Right of first refusal).

Summary Judgment is **GRANTED** as to Count II of the Amended Complaint in Dakota Group's favor.

### C.  Waffle House's Counts I & II – Breach of Contract

Dakota Group seeks summary judgment as to Counts I and II of Waffle House's amended counterclaim, which allege that Dakota Group offered a breakfast service on the premises in violation of a covenant contained within the contract.  I previously reviewed the prospective merits of Waffle House's Claim for Injunctive Relief in my order denying Waffle House's Motion for Preliminary Injunction.  (Doc. 35)  Waffle House concedes that the breakfast service has been ongoing since at least 2005.  (Doc.67, p. 5)  The statute of limitations for an action based on a written contract is five years in Florida, which would normally bar these claims.  Fla. Stat. § 95.11(2)(b) (2011).  Waffle House seeks to overcome the statute of limitations by characterizing the breach claim as a compulsory counterclaim.  A plaintiff cannot claim a statute of limitations defense to defend against a compulsory counterclaim triggered by his or her own complaint.  *Stein v. Feingold*, 629 So. 2d 998 (Fla. 3d DCA 1993).

The characterization of a counterclaim as compulsory or permissive is decided by the court as a matter of law. *See Republic Health Corp. v. Lifemark Hospitals of Florida*, 755 F.2d 1453, 1455 (11th Cir. 1985). The Federal Rules of Civil Procedure make mandatory any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The Eleventh Circuit has adopted a "logical relationship" test in determining whether a counterclaim is compulsory or permissive. *Republic*, 755 F.2d at 1455. A counterclaim is compulsory under the logical relationship test if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979).).

The question for the court is whether the counterclaim by Waffle House is one that arises from the same operative facts as the claims asserted by Dakota Group. While both claims arise out of the same contract, the primary dispute concerns the right of first refusal that Waffle House sought to exercise to purchase the demised premises. (Doc. 69, p. 4). Waffle House asserts as counterclaim a breach of contract claim centering on a separate covenant within the lease agreement that forbade Dakota Group from offering breakfast service in competition with Waffle House. (Doc. 67, pp. 5-7). While this claim is admitted by both parties to be beyond the statute of limitations, Waffle House argues that Dakota Group revived the claim by bringing the contract into dispute. (Doc. 102, pp. 27-30).

Waffle House argues that Dakota Group opened the door to litigation over the contract when it sued Waffle House for breach and other claims. (Doc. 102, p. 27). Waffle House cites a number of cases in which counterclaims based in the same contract were held to be compulsory. (Doc. 102, pp. 28-30). In its response, Dakota Group cites a number of cases which indicate the contrary: that litigation over one portion of a contract does not necessarily make every claim under the contract compulsory. (Doc. 87, pp. 20-23) Both Waffle House and Dakota Group cite the 11th Circuit's decision in *Republic Health Corp. v. Lifemark Hospitals of Florida* as establishing a guiding "logical relationship" test which is used by the court to determine whether or not a counterclaim is compulsory. (Doc. 87, p. 21; Doc. 102, p. 28; Doc. 125, p. 12)

In *Republic Health Corp. v. Lifemark Hospitals of Florida*, the 11th Circuit answered the narrow question of when a counterclaim was compulsory. 755 F.2d at 1453. Republic Health Corporation ("Republic") filed a complaint in district court alleging numerous claims of anti-competitive behavior in violation of anti-trust law. *Id.* at 1454. Lifemark Hospitals of Florida sought dismissal, arguing that such claims should have been brought as compulsory counterclaims in a previous action brought in Bankruptcy Court. *Id.* The district judge agreed-holding that the claims in the complaint should have been brought as compulsory counterclaims in the former action and were thus barred by the Federal Rules of Civil Procedure. *Republic*, 755 F.2d. at 1454. The question presented for the 11th Circuit was whether the characterization of the counterclaim as compulsory was an error as a matter of law by the district judge. *Id.* The 11th Circuit held that the two claims, though related to similar areas of dispute, did not arise from "the

same operative facts." *Republic*, 755 F.2d at 1454.  Since the claim was not barred as a compulsory counterclaim to former litigation, the claims alleged by Republic could go forward.  *Id.*

Similar to *Republic*, here Dakota Group seeks to litigate the narrow issue of whether or not Waffle House's purported exercise of its right of first refusal in February, 2011, after Dakota Group had entered into a Purchase and Sale Agreement with Ronay Group, LLC in January of that year.  (Doc. 69, pp. 2-3)  Waffle House counterclaims against Dakota Group for breach of a covenant not to compete in breakfast service at the Quality Inn owned by Dakota Group, a breach that Waffle House admits has been ongoing since at least 2005.  (Doc. 67, pp. 6, 7)  While both claims arise under contract, they do not arise from the "same operative facts."  *Republic*, 755 F.2d at 1455.  The evidence required to prove breach of the breakfast covenant is wholly different than that relating to the attempted exercise of the right of first refusal by Waffle House.  The breach by Dakota Group of the covenant cannot be characterized as a compulsory counterclaim under Fed. R. Civ. P. 13(a), but may be brought by Waffle House as a permissive counterclaim under Fed. R. Civ. P. 13(b).  Such a claim would fail as a matter of law, however, since it is admitted to be beyond the statute of limitations and permissive counterclaims are not revived by an adverse action.

As to Counts I and II of Waffle House's Counterclaim, summary judgment is **GRANTED** in Dakota Group's favor.

**II. Waffle House, Inc.**

    **A. Dakota Group's Count III - Breach of Contract**

Waffle House seeks summary judgment as to Count III of Dakota Group's Amended Complaint, which alleges that Waffle House's offer for purchase of the demised premises constituted a breach of contract.  Dakota Group asserts that Waffle House breached the lease when it sought to exercise the right of first refusal as to only the demised premises comprising the Waffle House location on the property.  As before noted, when Waffle House sought to exercise an option to buy only the demised premises, it did not exercise the right of first refusal but instead made a separate offer for purchase that was not binding on Dakota Group.  While Dakota Group argues that such an offer is an act inconsistent with the contract, such an argument is unpersuasive.  (Doc. 125, p. 9)  As I have granted Dakota Group summary judgment for Count II of its Amended Complaint, characterizing the attempted exercise of the right of first refusal by Waffle House a nullity, it follows that such a nullity cannot then be characterized as a breach.

As to Count III of Dakota Group's Amended Complaint, summary judgment is **GRANTED** in Waffle House's favor.

## Conclusion

**IT IS ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. 87) is **GRANTED** as to Counts I and II of Dakota Group's Amended Complaint. The right of first refusal granted Waffle House the option to purchase the premises or the part thereof identified in an acceptable bona fide offer for purchase or sale at the price and on the terms of the offer. The interpretation of the right of first refusal sought by Dakota Group is granted as a matter of law; Waffle House's attempt to exercise that right with regards to only the demised premises was without effect and a nullity.

2. Plaintiff's Motion for Partial Summary Judgment (Doc. 87) is **GRANTED** as to Counts I and II of Waffle House's Amended Counterclaim. Counts I and II of Waffle House's Amended Counterclaim are dismissed with prejudice.

3. Defendant's Motion for Partial Summary Judgment (Doc. 102) is **GRANTED** as to Count III of Dakota Group's Amended Complaint. Count III of the Amended Complaint is dismissed with prejudice.

4. Counts IV and V of the Amended Complaint and Counts III and V of the Amended Counterclaim remain for determination.

**ORDERED** on July 19, 2012

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**